Appellant-defendant, Helen L. Thomas, appeals from a Summit County Court of Common Pleas' judgment entry that orders a foreclosure based upon the enforcement of a settlement agreement. We dismiss this case for lack of a final, appealable order.
The Supreme Court of Ohio has concluded that a trial court judgment entry that orders a foreclosure sale and that finds amounts due to various claimants is a final, appealable order.Oberlin Savings Bank Co. v. Fairchild (1963), 175 Ohio St. 311,312. A judgment entry that grants a decree of foreclosure, but does not determine the rights and liabilities of all the parties and does not contain Civ.R. 54(B) language that there is "no just reason for delay" is not a final, appealable order for the purpose of appellate review. Gaul v. Leeper (July 15, 1993), Cuyahoga App. No. 63222, unreported, 1993 Ohio App. LEXIS 3519, at *1-7;The East Cleveland Savings Loan Co. v. Whiting (June 30, 1993), Lake App. Nos. 92-L-070 and 92-L-122, unreported, 1993 Ohio App. LEXIS 3333, at *8; Alpine Terrace Condominium Unit Owners Assn.,Inc. v. Volz (Nov. 4, 1992), Hamilton App. No. C-910852, unreported, 1992 Ohio App. LEXIS 5542, at *3-6.
The judgment entry in this case orders a foreclosure sale as set forth in a settlement agreement. It does not determine the priorities of all the parties, and it does not contain Civ.R. 54(B) language. Accordingly, this appeal is dismissed based upon a lack of final, appealable order.
Appeal dismissed.
 KK
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
 ___________________________ LYNN C. SLABY
BAIRD, P. J.
BATCHELDER, J.
CONCUR